Gregory J. SAELI, Plaintiff,

v.

MOTOROLA, INC., Defendant.

No. 95 C 0553.

United States District Court, N.D. Illinois.

March 7, 1996.

Karen Lynn Spence, Katherine M. Anthony, Herbert H. Victor, Chicago, IL, for plaintiff.

Michael A. Warner, Frederick ·T. Smith, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for defendant.

## MEMORANDUM ORDER AND OPINION

GETTLEMAN, District Judge.

Plaintiff Gregory J. Saeli has filed a complaint against his previous employer, Motorola, Inc., alleging that his employment was terminated in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Defendant had moved for summary judgment pursuant to Fed. R.Civ.P. 56. For the reasons stated below the court grants defendant's motion for summary judgment.

### FACTS

Plaintiff is a 47 year old male who began working for defendant in 1966. In July 1989 Mario Salvadori, the Public Relations Manager for the Cellular Infrastructure Group

("CIG"), hired plaintiff for the E09 grade position of Strategic Planning Manager in the Public Relations Department. Plaintiff Reported to Salvadori for approximately two and one-half years. Plaintiff's initial duties included the administration of the Participative Management Program ("PMP")[1], arranging the annual meetings, coordinating customer visits, referring requests for information regarding the company, handling donation requests, putting good news items on "good news banners," which were hung in the facility, and working with the patent awards banquet committee in planning the event.

After Salvadori left CIG in December 1991, plaintiff reported to Sonja Colosia for approximately one year. In late 1992 or early 1993, Colosia gave plaintiff a performance appraisal in which she rated his performance as 2.8 out of 4.0. Plaintiff, however, did not agree with Colosia's evaluation of his performance. Around that same time, in late 1992 or early 1993, Martin Singer, age 44, Vice President and Director, took over the Business Development and Planing Department in CIG. In his new position, Singer had plaintiff transferred from Colosia's public relations organization and reassigned to his department. In business development, plaintiff, initially reported to Judith Soohoo, until Singer hired Scott Wyman, age 50, to be the Manager of Public Relations and Marketing Services for CIG. As of September 9, 1993, Plaintiff worked directly under Wyman. Wyman testified that he soon determined that there was no correlation between plaintiff's title and his actual duties and responsibilities which, according to defendant, were largely clerical and administrative in nature. In addition, plaintiff was previously responsible for several functions that no longer existed or had been transferred to other employ-

ees by the time of Wyman's hire.[2] Wyman testified that he also determined that plaintiff's work experience had little or no relationship to the field of public relations. Additionally, defendant asserts that plaintiff's skills, experience and performance did not match Wyman's needs or the Company's standards for an E09 grade position. In October 1993, after discussing plaintiff's job performance and duties, Wyman and Singer decided to eliminate plaintiff's position and transfer plaintiff's remaining tasks to other employees in the Business Development and Planning Department. Both Wyman and Singer testified that they had determined that plaintiff's duties were mostly clerical and administrative and could easily be transferred to other employees.

In October 1993 Wyman met with Plaintiff to inform him that his position was going to be eliminated and that he should look for a new position within the company. Unfortunately, Plaintiff failed to secure any other position with Motorola. Despite having been given notice that his position would be eliminated and of the company's efforts to help him find a new job, plaintiff only applied for three managerial jobs, for which he was not hired. Because plaintiff did not find a new managerial job, in a final attempt to salvage his career with Motorola the company offered him a position as Senior Pricing Administrator. Although the new position was at a level of E07/08, Plaintiff was guaranteed that his salary, hours, and benefits would remain the same as he received from his old position. Plaintiff rejected the company's offer and was terminated by the company effective July 19, 1994.

## SUMMARY JUDGMENT

Under Fed.R.Civ.P. 56(c), a court should grant summary judgment where

---

1. The participative management program, which constituted approximately 20% of plaintiff's job, was used to determine the return on net asset bonuses given to the various teams within CIG. Incentive goals were set twice a year by the department managers of the various teams within CIG and measured by what were known as "K-factors." It was plaintiff's job to review the goals to determine whether they conformed to the program policy and then calculate the scores or k-factors to determine whether the goals were achieved.

2. In July of 1993, Jack Scanlon, General Manager of CIG, issued a memorandum to all CIG domestic employees in which he announced that the company was no longer going to use the PMP k-factor scores in the calculation of bonuses. As a result of this decision a function that at one point constituted approximately 20% of plaintiff's job was eliminated.

"there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." This standard places the initial burden on the movant to identify those portions of the record on file which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The court must read the facts in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). "This standard is applied with added rigor in employment discrimination cases, where intent and credibility are crucial issues." *Sarsha v. Sears, Roebuck & Co.,* 3 F.3d 1035, 1038 (7th Cir.1993). The granting of summary judgment to an employer is appropriate, however, if on the facts before the court, taken as favorably to the plaintiff as the evidence permits, no rational jury could conclude that the employee was fired because of his age. *Shager v. Upjohn Co.,* 913 F.2d 398, 401 (7th Cir.1990).

## DISCUSSION

Plaintiff alleges that he was terminated from his position because of his age. In order to show a violation of the ADEA, plaintiff may prove his age discrimination claim in one of two different ways. First, he may demonstrate, through direct evidence, that his age was a "determining factor" in defendant's decision to terminate his employment. *Smith v. Great Am. Restaurants, Inc.,* 969 F.2d 430, 434 (7th Cir.1992). Alternatively, he may use the indirect, burden-shifting method of proof for Title VII cases originally set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and later adapted to age discrimination claims under the ADEA. *McCoy v. WGN Continental Broadcasting Co.,* 957 F.2d 368, 371 (7th Cir.1992). Because plaintiff has not introduced any direct evidence which might indicate that Motorola

discriminated against him on the basis of age, plaintiff's suit must rely on the indirect, burden-shifting method of proof.

To prevail under the *McDonnell Douglas* approach, plaintiff must initially establish a *prima facie* case of discrimination. The employee must show that: (1) he was in a protected class; (2) he was doing his job well enough to meet his employer's legitimate expectations; (3) he was discharged or demoted; and (4) the employer sought a replacement for him. *Anderson v. Baxter Healthcare Corp.,* 13 F.3d 1120, 1122 (7th Cir.1994). The fourth prong of the test has been stated differently when applied to reduction in force ("RIF")[3] cases. In an RIF case, where the plaintiff can show that younger employees were treated more favorably the fourth prong of the test is satisfied. *Collier v. Budd Co.,* 66 F.3d 886 (7th Cir. 1995).

If plaintiff succeeds in establishing a *prima facie* case, a rebuttable presumption of discrimination is created, and the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the employee's discharge. *Weihaupt v. American Medical Ass'n,* 874 F.2d 419, 426 (7th Cir.1989). If the employer is successful, the presumption of discrimination dissolves, and the burden shifts back to the employee (plaintiff) to show that the employer's proffered reasons are a pretext for age discrimination. *Sarsha,* 3 F.3d at 1039. A plaintiff can satisfy the pretext burden by showing "either that a discriminatory reason more likely motivated the employer, or that the employer's proffered explanation is unworthy of credence." *Robinson v. PPG Industries,* 23 F.3d 1159, 1163 (7th Cir.1994).

### Indirect Evidence of Age Discrimination

It is undisputed that plaintiff has established the first and third prongs of the test. Plaintiff is a member of a protected class, and he was in fact terminated from his job with Motorola. Plaintiff has additionally satisfied the second prong of the test for pur-

---

3. During a reduction in force, a company generally reduces or restructures its workforce, it does not simply hire a new person to fill the dis-

charged employees old position. Rather, jobs are often consolidated and/or work is shifted to other existing employees.

poses of the instant motion. However, plaintiff has failed to establish the fourth prong of the test, and therefore, cannot establish a *prima facie* case of age discrimination. Because plaintiff cannot establish a *prima facie* case, defendant is entitled to summary judgment. This court will address both the second and fourth prongs of the test separately.

Defendant claims that plaintiff has failed to establish the second prong of the *McDonnell Douglas* test because he was not performing according to defendant's legitimate expectations. Plaintiff, however, asserts that his performance was always satisfactory and that no manager had criticized his performance prior to his being told he had to find another job. Additionally, plaintiff has testified that he was initially assured that his performance was not under fire and the elimination of his job was not performance related. Conversely, there were several statements made by both Singer and Wyman which may indicate that plaintiff was in fact not performing his job adequately. Plaintiff's testimony, however, is sufficient to establish the second prong of the test for a *prima facie* case. A determination that an individual is performing a job well enough to satisfy the performance element of the test can be established solely by the plaintiff's own testimony about the quality of his work. *Williams v. Williams Electronics, Inc.*, 856 F.2d 920, 923 n. 6 (7th Cir.1988); *Yarbrough v. Tower Oldsmobile, Inc.*, 789 F.2d 508, 512 (7th Cir.1986). Accordingly, because the court must draw all inferences in favor of the non-moving party, plaintiff has established (although barely) that he has met the second element of the *prima face* case.

Although plaintiff meets three of the requirements of the McDonnell–Douglas test, he cannot establish the fourth prong of the test and therefore fails to prove a *prima facie* case of age discrimination. According to plaintiff, because his termination was part of a RIF, he must prove only that younger employers were treated more favorably then he. *Collier*, 66 F.3d at 866. Defendant claims, however, that because plaintiff's job was the only one eliminated, there was no RIF, and therefore plaintiff must show that he was replaced in order to establish a prima facie case.[4] It is immaterial, however, whether a RIF occurred here because plaintiff's case fails under both types of fourth element analysis.

There is no dispute over the material facts with respect to the elimination of plaintiff's position. Plaintiff's duties were either eliminated or transferred to other employees of the company. The transfer or shifting of an employee's duties and responsibilities to other employees who are already employed by the employer does not constitute replacement for purposes of stating a claim under the ADEA. *See Collier*, 66 F.3d at 866. Because plaintiff admits that his position was eliminated, and defendant had not sought a replacement[5], plaintiff cannot establish the fourth prong of the test.

Alternatively, if this court analyzes plaintiff's claim by using the fourth prong of the *McDonnell Douglas* test as applied to a RIF case, plaintiff's argument still fails. Plaintiff cannot demonstrate that defendant treated younger employees more favorably. The only evidence plaintiff has proffered in this respect was that he was the oldest employee in his group, he was the only one fired, and his duties were transferred to employees younger than he. Plaintiff has failed to offer any facts to show how younger employees were treated more favorably by Singer, Wyman, or any other Motorola official. Merely stating that younger employees continued to work for the company after plaintiff's employment was terminated is not evidence of age discrimination. *Lubkeman v. Commonwealth Edison Co.*, 877 F.Supp. 1180, 1186 (N.D.Ill.1995). Because plaintiff has failed to create a genuine issue of fact that defendant sought a replacement or that

---

4. The Seventh Circuit has recently stated that in cases similar to the case at bar, where one employee is discharged and his responsibilities are absorbed by other employees, a "mini" RIF situation may be present. *Gadsby v. Norwalk Furniture Co.*, 71 F.3d 1324, 1331 (7th Cir.1995).

5. Subsequent to the elimination of plaintiff's position, Wyman hired a person experienced in public relations to work exclusively on public relations matters. It is undisputed that that person performs none of plaintiff's prior duties and responsibilities.

younger employees received more favorable treatment, he has failed to establish a *prima facie* case of age discrimination. For this reason alone, defendant is entitled to summary judgment.

Moreover, even if plaintiff's meager evidence was sufficient to establish a *prima facie* case, he cannot establish that defendant's proffered reasons for terminating him are a pretext for discrimination. *Sarsha*, 3 F.3d at 1039. Pretext is more then a mere mistake on the part of the employer. Pretext "means a lie, specifically a phony reason for some action." *Russell v. Acme-Evans Co.*, 51 F.3d 64, 68 (7th Cir.1995). Plaintiff has failed to prove that defendant's proffered reasons for firing him were pretextual for age discrimination.

Defendant has proffered a number of reasons for terminating plaintiff's job. According to defendant, while plaintiff may have met the expectations of his prior supervisors, he did not meet the expectations of Singer and Wyman once he came under their supervision. Defendant asserts that plaintiff was removed from the Strategic Planning position because, although his position was in the Public Relations & Marketing Services group, few of his tasks involved public relations, he did not have the skills and experience necessary to perform public relations functions, and some of his prior duties had been eliminated while the rest were relatively routine tasks that could be distributed to other employees. Although plaintiff challenges defendant's characterization of his duties and responsibilities as primarily clerical and administrative, the fact that the Company was able to easily transfer plaintiff's former duties to lower level employees demonstrates that Singer and Wyman were correct in their assessment. Additionally, plaintiff's disagreement, no matter how vehement, does not establish that defendant's reasons for the termination of his employment are pretext for age discrimination. *Aungst v. Westinghouse Elec. Corp.*, 937 F.2d 1216, 1223 (7th Cir.1991).

Defendant also asserts that plaintiff's performance of his duties was not at an E09 level. Plaintiff does not dispute that in a meeting with Wyman on December 29, 1993, Wyman gave plaintiff two memoranda that outlined plaintiff's performance deficiencies. Wyman's memoranda were consistent with his discussions with Singer and reflected the reasons, stated above, why they decided to eliminate plaintiff's position. While plaintiff denies that his performance was ever in question, he has not offered any controverting facts to demonstrate that defendant's reasons for the elimination of his position are anything other then what defendant has consistently maintained. Once again, Plaintiff's argument that he was performing up to his employer's expectations, although enough to satisfy the test for a *prima facie* case, is not enough to show pretext. He must present some type evidence of that pretext. *See Lubkeman*, 877 F.Supp. at 1188. Plaintiff has failed to show any evidence that would lead a rational factfinder to infer that defendant lied about its proffered reasons for terminating plaintiff's job.

## CONCLUSION

For the reasons set forth above, the court grants defendant's motion for summary judgment on plaintiff's age discrimination claim.